IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAMSEY RANDALL, | : | |
| Plaintiff, | : | 1:16-cv-0696 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| NURSE REBECCA RUMBERGER, | : | |
| *et al.*, | : | |
| Defendants. | : | |

## **MEMORANDUM**

**December 8, 2016**

Plaintiff, Ramsey Randall ("Randall"), an inmate who at all times relevant was incarcerated at the Franklin County Prison, filed this civil rights complaint pursuant to 42 U.S.C. § 1983, on April 26, 2016. (Doc. 1). Named as Defendants are the Franklin County Jail, PrimeCare Medical, Inc. ("PrimeCare") and Nurse Rebecca Rumberger ("Nurse Rumberger").

Presently pending are Defendants' motions (Docs. 25, 27) to dismiss Randall's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). On October 19, 2016, Randall was ordered to file a brief in opposition to the motions in accordance with Local Rule of Court 7.6, on or before November 4, 2016. (Doc. 29). Rather than file opposition briefs, Randall filed a motion for default. On November 17, 2016, the motion for default was denied and Randall was ordered to file opposition briefs on or before December 2, 2016. (Doc. 34). He

was cautioned that his failure to file an opposition brief would result in the motions being deemed unopposed. On December 1, 2016, the most recent Order (Doc. 34) was returned to sender with the notation "Inmate Released." (Doc. 35). As such, Defendants' motions are deemed unopposed and, for the reasons set forth below, will be granted.

I. **STANDARD OF REVIEW**

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. *Innis v. Wilson*, 334 F. App'x 454, 456 (3d Cir. 2009) (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008)). A district court ruling on a motion to dismiss generally "relies on the complaint, attached exhibits, and matters of public record." *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). "First, the

factual and legal elements of a claim should be separated." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Second, the court must then determine whether the complaint states a plausible claim for relief, which is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 211 (citing Iqbal, 556 U.S. at 679); *see also* 28 U.S.C. § 1915A(b) (directing the court to identify cognizable claims and to dismiss any portion of the complaint that fails to state a claim). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679; Fed. R. Civ. P. 8(a)(2).

## II. ALLEGATIONS OF THE COMPLAINT

Randall alleges that he suffers from Grave's Disease and that on July 19, 2015, while incarcerated at the Franklin County Prison, he reported not feeling well. (Doc. 1, p. 3). He then began to vomit, passed out, and fell to the floor. (*Id.*) He alleges that Nurse Rumberger "did not put forth any action to assist and/or revive the fallen plaintiff." (*Id.*) He was given a "vitals check but, no follow up appointment, check-up or examination until approximately (2) two weeks afterwards. Since then up to current date (4/20/16) Nurse Rumberger has been discreetly harassing the Plaintiff and filing reports causing punishments for the Plaintiff in his outbursts." (*Id.*)

He fails to lodge any allegations against PrimeCare. He simply requests in the "Relief" section of his complaint "that PrimeCare Medical, Inc., be ordered to pay the plaintiff a lump sum total of $2,500,000 (two million five hundred thousand dollars U.S.) as default judgement damages." (*Id.* at 6).

## II. DISCUSSION

Randall brings this civil rights action pursuant to 42 U.S.C. § 1983. Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Franklin County Prison

Randall names the Franklin County Prison as a defendant "for the outsourcing of PrimeCare's services…." (Doc. 1, p. 6). However, a county jail is not a proper defendant because it is not a person and therefore, not subject to suit under 42 U.S.C. § 1983. *See Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir.1973) (holding that a "state agency may not be sued under 42 U.S.C. § 1983 since it is not a person"); *Nesmith v. Beaver County Jail*, Civ. A. No. 11–388, 2012 WL 3245495 at *11 (W.D.Pa. Aug.8, 2012) (finding that the jail is not an entity that is properly subject to suit and would be dismissed as a defendant even if complaint was not deficient). Accordingly, Franklin County Prison's motion (Doc. 25) to dismiss the complaint will be granted.

### B. Rumberger and PrimeCare

Randall alleges that Nurse Rumberger and PrimeCare failed to provide him medical assistance. The Eighth Amendment's proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *See Estelle v. Gamble*, 429 U.S. 97, 103–05 (1976). In order to establish an Eighth Amendment medical claim, a plaintiff "must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden Cty. Corn. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (citing *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)). A

serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).  In addition, "if unnecessary and wanton infliction of pain results a s a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the eighth amendment." *Id.*  (citation omitted).

    A prison official acts with deliberate indifference to an inmate's serious medical needs when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  A mere difference of opinion between the prison's medical staff and the inmate regarding the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment.  *See Farmer v. Carlson*, 685 F. Supp. 1335, 1339 (M.D.Pa. 1988); *see also McCracken v. Jones*, 562 F.2d 22, 24 (10th Cir. 1977); *Smart v. Villar*, 547 F.2d 112, 113 (10th Cir. 1976).

    Randall's allegations that he suffers from "Grave's Disease," and that the July 19, 2015 episode was a result of his disease, are sufficient to state a serious medical need.  However, he has failed to plead a deliberate indifference to that

need. The allegations in Randall's complaint clearly demonstrate that he received medical attention immediately following the July 19, 2015 incident and that he also received follow-up care approximately two weeks later. To the extent that he is dissatisfied with the treatment he received, such disagreement does not rise to the level of a cognizable Eighth Amendment claim. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir.2004) (holding that "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation). Nor is there any indication that Randall should have received additional treatment. The allegations in Randall's complaint amount to nothing more than a subjective disagreement with the treatment decisions and medical judgment of medical staff at Franklin County Prison. *See Carpenter v. Kloptoski*, No. 08–cv–2233, 2012 WL 983565, at *6 (M.D.Pa. 2012) (citing *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir.1990)) (observing that "a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference"); *see also Monmouth Cty.*, 834 F.2d at 346. Courts will not second guess whether a particular course of treatment is adequate or proper. *See Parham v. Johnson*, 126 F.3d 454, 458 n. 7 (3d Cir.1997) (quoting *Inmates of Allegheny Cty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir.1979)). Because Randall's complaint fails to articulate a plausible Eighth Amendment claim against Nurse Rumberger and PrimeCare, the motion to dismiss will be granted.

Randall fares no better with respect to his verbal harassment claim against Nurse Rumberger. Mere verbal harassment or abuse is not a civil rights violation. *Boomer v. Lewis*, 541 F. App'x 186, 193 (3d Cir. 2013), citing *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir.1987).

### III. <u>CONCLUSION</u>

Based on the foregoing, Defendants' motions (Docs. 25, 27) will be deemed unopposed and granted.

An appropriate order will issue.